**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

```
TOBIAS A. FRANK,                )    NO. EDCV 12-1848 JAK (SS)
                                )
                Plaintiff,      )
                                )    MEMORANDUM AND ORDER DISMISSING
         v.                     )    COMPLAINT WITH LEAVE TO AMEND
                                )
DERRICK SCHULTZ, et al.,        )
                                )
                Defendants      )
                                )
```

**I.**

**INTRODUCTION**

On February 11, 2013, Plaintiff Tobias A. Frank, a federal prisoner proceeding pro se, filed a complaint alleging violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  (Dkt. No. 12).  For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1]  Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  See McKeever v. Block, 932 F.2d 795, 795 (9th Cir. 1991).

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee.  28 U.S.C. § 1915A(b).  This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b) (1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

## ALLEGATIONS OF THE COMPLAINT

The Complaint names as defendants three employees of the Federal Bureau of Prisons ("BOP"): (1) Derrick Schultz, a correctional counselor at Victorville Med. II; (2) R. Byrd, a disciplinary hearing officer at Victorville Med. II; and (3) Juan D. Castillo, the Western Regional Director of the BOP.  (Complaint at 1).  Defendants are sued in both their individual and official capacities.  (Id.).

While Plaintiff's specific claims are not entirely clear, the gravamen of the Complaint appears to argue that Defendants violated Plaintiff's constitutional rights by unlawfully imposing administrative sanctions on him for serving as a witness to the signing of another prisoner's legal documents.  Plaintiff contends that on or about May 24, 2012, Defendant Schultz, in reviewing the institutional mail, observed that Plaintiff had signed another inmate's legal documents as a witness.  (Id. at 2).  Although Plaintiff asserts that no one ever told him that

such conduct was prohibited, Defendant Schultz filed an incident report in which he stated that by signing the other inmate's documents, Plaintiff had been in possession of unauthorized material in violation of Code 305's broad prohibition on the possession by an inmate of "anything unauthorized." (Id.). The incident report was referred to Defendant Byrd on or about May 31, 2012. (Id.).

A disciplinary hearing was held on July 6, 2012 in which Defendants Schultz and Byrd found Plaintiff guilty of violating Code 305. (Id. at 2; id., Exh. C). Plaintiff's conviction appears to have been based solely on Defendants' belief that "Plaintiff's signature . . . on the documents means that Plaintiff possessed the documents at some point in time." (Id. at 3). However, Plaintiff was not provided with a written statement of the specific evidence Defendants relied on and the reasons for the disciplinary actions taken. (Id. at 2). As punishment, Defendant Byrd revoked fourteen days of Plaintiff's good-time credits and three months of commissary visits and visitation rights. (Id. at 3). Morever, Plaintiff alleges that even though he was punished, Defendant Byrd expunged the incident reports of the two other inmates who were charged for the same conduct. (Id.).

Plaintiff appealed his conviction to Defendant Castillo. (Id.). On September 20, 2012, Defendant Castillo granted partial relief and expunged Plaintiff's incident report. (Id., Exh. C). However, Plaintiff alleges that despite the expungement, Defendants failed to restore

3

Plaintiff's forfeited good-time credits and visitation and commissary privileges.[2]   (Complaint at 3).

### III.

### PLAINTIFF'S CLAIMS

Plaintiff claims that by imposing sanctions for signing legal documents, Defendants Schultz and Byrd violated Plaintiff's First Amendment rights of expression and association.   (Complaint at 4). Furthermore, Plaintiff alleges that Defendants Schultz and Byrd denied him due process of law by failing to give fair notice or warning regarding the prohibited conduct.   (Id.).   Also, Plaintiff claims that Defendants Schultz and Byrd failed to provide any evidence of guilt, reasons for the disciplinary actions taken, or a written statement of the evidence they relied upon.   (Id.).

Lastly, Plaintiff claims that Defendants Byrd and Castillo violated Plaintiff's right to equal protection.   (Id.).   Specifically, Plaintiff contends that Defendant Byrd violated his right to equal protection by expunging the incident reports of the other two inmates who were charged for the same offense while finding Plaintiff guilty.   Moreover, Plaintiff argues that Defendant Castillo violated Plaintiff's right to

---

[2]   Plaintiff later contended in his Response to the Court's February 12, 2013 Order to Show Cause Why Plaintiff's Claims Are Not Heck-Barred and in his Objections to the Court's March 18, 2013 Report and Recommendation recommending dismissal for failure to prosecute that his credits and privileges were in fact fully restored on October 3, 2012, nearly two weeks before Plaintiff signed the instant Complaint. (Dkt. No. 27 at 1; Dkt. No. 29 at 2; see also Complaint at 5).

equal protection by failing to restore Plaintiff's credits and privileges after expunging the incident report. (Id.).  As such, Plaintiff claims he was denied an equal opportunity to receive visits and to shop at the commissary like other inmates. (Id. at 5).

Plaintiff contends that he now suffers from emotional distress, depression, anxiety, and an impaired state of mind due to Defendants' actions. (Id. at 4-5).  Plaintiff requests declaratory relief, compensatory damages in the amount of $100,000 against Defendants Schultz and Byrd jointly and severally, $50,000 against Defendant Castillo, punitive damages in the amount of $150,000 against all Defendants jointly and severally, and recovery of his costs in this suit. (Id. at 5).

## IV.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading.  Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment.  See Lopez, 203 F.3d at 1128-29.  Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

\\
\\
\\
\\
\\

**A.    Plaintiff Fails To State A Claim Against Defendants In Their Official Capacities**

A suit for damages against federal employees in their official capacity is functionally a suit against the United States. <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985). However, a civil rights action against a federal defendant under <u>Bivens</u> may be brought only against an offending <u>individual</u> officer or officers, not the United States or its agencies. <u>Correctional Services Corp. V. Malesko</u>, 534 U.S. 61, 72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); <u>id.</u> at 70-71 (explaining that because the "purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the <u>Bivens</u> remedy would be lost" if the Court "were to imply a damages action directly against federal agencies"). As such, no cause of action is available under <u>Bivens</u> against federal employees sued in their official capacities. <u>Ibrahim v. Dept. of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008).

Here, the Complaint names as defendants three employees of the Federal Bureau of Prisons. The Complaint states that "each defendant is sued individually and in his official capacity." (Complaint at 1). However, as stated above, no cause of action is available under <u>Bivens</u> against federal employees in their official capacities. Accordingly, the Complaint must be dismissed.

\\

\\

\\

\\

**B.    Plaintiff Fails To State An Equal Protection Claim**

The Equal Protection Clause requires the government to treat all similarly situated people equally.  Hartman v. California Dept. of Corrections and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013). This does not mean, however, that all prisoners must receive identical treatment and resources.  (Id.).  To prevail on an Equal Protection claim, a plaintiff typically must allege facts plausibly showing that the defendant acted with an intent or purpose to discriminate based upon the plaintiff's membership in a protected class.  (Id.).  However, courts have recognized successful equal protection claims brought by a "class of one" where the plaintiff alleges that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

Here, Plaintiff claims that Defendants violated his right to equal protection when they expunged the other inmates' incident reports for the same offense of which they found Plaintiff guilty and failed to restore Plaintiff's credits and privileges.  (Complaint at 3-5). However, as stated above, the government is not obligated to treat all inmates identically.  Moreover, the Complaint does not allege that Defendants acted with the intent to discriminate against Plaintiff or explain why there was no rational basis for the difference in treatment between Plaintiff and the other inmates.  Accordingly, the Complaint must be dismissed with leave to amend.

**C.    The Complaint Fails To Satisfy Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. V. Twonbly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Although detailed factual allegations are not required, the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (<u>Id.</u>).

The Complaint fails to satisfy the requirements of Rule 8.  For example, it is unclear which claims, exactly, Plaintiff is attempting to assert against Defendant Castillo because Castillo in fact granted Plaintiff the relief he sought by expunging the incident report from Plaintiff's record.  (<u>Id.</u> at 3; <u>id.</u>, Exh. C).  Moreover, the allegations in the Complaint appear to contradict Plaintiff's assertions in other filings related to the same incident.  Specifically, Plaintiff asserts in separate filings that his claims are not <u>Heck</u>-barred because his credits and privileges were fully restored following expungement of the incident report.  (Dkt. No. 27 at 1; Dkt. No. 29 at 2).  In the Complaint, however, Plaintiff states that Defendants "failed to restore Plaintiff's forfeited goodtime credits, visitation, and commissary privilege[s] [even] after the incident report had been expunged."

(Complaint at 3).   Therefore, the Complaint is confusing because it is not clear whether Plaintiff's sanctions were reversed or what the precise injuries that Plaintiff suffered were.

Furthermore, although Plaintiff appears generally to assert a First Amendment claim, Plaintiff is advised that prison regulations that infringe on a prisoner's First Amendment rights are valid so long as they are reasonably related to legitimate penological interests. <u>Turner v. Safley</u>, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).   To succeed on a First Amendment claim, a plaintiff must show five elements: 1) an assertion that the government actor took some adverse action against the inmate 2) because of 3) that prisoner's protected conduct, and that such action 4) chilled the inmate's exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).   In any future amended complaint, Plaintiff should allege facts address these elements of his claim.   Accordingly, the Complaint must be dismissed with leave to amend.

**V.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend.   If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint.   In any amended complaint, the Plaintiff shall cure the defects described above.   The First Amended Complaint, if any, shall be complete in itself and shall

bear both the designation "First Amended Complaint" and the case number assigned to this action.   It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.   Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>**   In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.   Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.   It is not necessary for Plaintiff to cite case law or include legal argument.   Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.   Furthermore, the First Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance</u>**

**with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: April 29, 2013

                                        _____
                                                /S/
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE