1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11   TOBIAS A. FRANK,                    )   NO. EDCV 12-01848 JAK (SS)
                                         )
12                  Plaintiff,           )
                                         )   **MEMORANDUM AND ORDER DISMISSING**
13            v.                         )
                                         )   **COMPLAINT WITH LEAVE TO AMEND**
14   DERRICK SCHULTZ, et al.,            )
                                         )
15                  Defendants           )
                                         )
16   _____)

17

18                              **I.**

19                          **INTRODUCTION**

20

21       On February 11, 2013, Plaintiff Tobias A. Frank, a federal prisoner

22   proceeding pro se, filed a complaint alleging violations of his civil

23   rights pursuant to Bivens v. Six Unknown Named Agents of the Federal

24   Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619

25   (1971).  (Dkt. No. 12).  On April 29, 2013, the Court issued an order

26   dismissing the complaint with leave to amend.  (Dkt. No. 34).  The Court

27   advised Plaintiff that in order to further pursue this action, Plaintiff

28   was required to file a First Amended Complaint correcting certain

1   defects in the original complaint.  (Id. at 9-11).  On May 20, 2013,

2   Plaintiff filed a First Amended Complaint ("FAC") correcting some of the

3   earlier deficiencies.   (See Dkt. No. 37).   However, while some

4   deficiencies were corrected, the FAC remains defective in part and must

5   be dismissed.  Accordingly, for the reasons stated below, the FAC is

6   dismissed with leave to amend.[1]

7

8       Congress mandates that district courts initially screen civil

9   complaints filed by prisoners seeking redress from a governmental entity

10  or employee.  28 U.S.C. § 1915A(b).   This Court may dismiss such a

11  complaint, or any portions thereof, before service of process if the

12  Court concludes that the complaint (1) is frivolous or malicious, (2)

13  fails to state a claim upon which relief can be granted, or (3) seeks

14  monetary relief from a defendant who is immune from such relief.  28

15  U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-

16  27 & n.7 (9th Cir. 2000) (en banc).

17

18                              **II.**

19                  **ALLEGATIONS OF THE COMPLAINT**

20

21      The FAC names as defendants two employees of the Federal Bureau of

22  Prisons ("BOP"): (1) Derrick Schultz, a correctional counselor at

23  Victorville Med. II; and (2) Rosie Byrd, a disciplinary hearing officer

24  at Victorville Med. II.  (FAC at 1).

25

26  ───────────────

27      [1] Magistrate judges may dismiss a complaint with leave to amend
    without approval of the district judge.  See McKeever v. Block, 932 F.2d
28  795, 795 (9th Cir. 1991).

                              2

1    While Plaintiff's specific claims are not entirely clear, the
2 gravamen of the Complaint argues that Defendants violated Plaintiff's
3 constitutional rights by unlawfully imposing administrative sanctions on
4 him for serving as a witness to the signing of another prisoner's legal
5 documents.  Plaintiff contends that on or about May 24, 2012, Defendant
6 Schultz, in reviewing the institutional mail, observed that Plaintiff
7 had signed another inmate's legal documents as a witness.  (Id. at 3,
8 6).  Although Plaintiff asserts that no one ever told him that such
9 conduct was prohibited, Defendant Schultz filed an incident report in
10 which he stated that by signing the other inmate's documents, Plaintiff
11 had been in possession of unauthorized material in violation of a broad
12 prohibition on the possession by an inmate of "anything unauthorized."
13 (See id. at 5, 8).  The incident report was referred to Defendant Byrd
14 on or about May 31, 2012. (Id. at 7).
15
16    A disciplinary hearing was held on July 6, 2012 in which Defendants
17 Byrd found Plaintiff guilty of violating the prohibition on unauthorized
18 material. (Id. at 7).  According to Plaintiff, his conviction was based
19 on Defendant Byrd's belief that "Plaintiff's signature . . . on the
20 documents means that Plaintiff possessed the documents at some point in
21 time."  (Id.).  Plaintiff contends that he was not provided with a
22 written statement of the specific evidence relied on and the reasons for
23 the disciplinary actions taken.  (Id. at 7-8).  Plaintiff does not
24 specifically identify the punishment he received as a result of this
25 conviction; however, at various points in the FAC, Plaintiff states that
26 he was "intentionally discriminated [sic], single out [sic], and
27 sanctioned."  (See, e.g., id. at 6, 7).  Plaintiff also contends that
28 "Defendant Schultz' retaliatory actions [issuing a disciplinary report]

3

1  chilled the Plaintiff's Right [sic] to serve as a witness to any fellow

2  inmate's legal remedies in fear of further disciplinary actions." (Id.

3  at 6).   Plaintiff further alleges that Defendant Byrd expunged the

4  disciplinary reports of two other inmates who acted as witnesses but,

5  "without explanation," did not expunge Plaintiff's report. (Id. at 7).

6

7                                **III.**

8                          **PLAINTIFF'S CLAIMS**

9

10     Plaintiff alleges four claims.   First, Plaintiff alleges that

11  Defendant Schultz denied Plaintiff access to the courts.  (Id. at 5).

12  Specifically,  Plaintiff  contends  that  "Defendant  Schultz  .  .  .

13  interferred [sic] with the Plaintiff's First Amendment Right [sic] to

14  'assist' [another inmate] in his administrative filings as a 'witness'

15  and [filed] a written disciplinary report against the Plaintiff for

16  assisting [that inmate] . . . ."   (Id.).   Second, and relatedly,

17  Plaintiff  alleges  that  Defendant  Schultz  filed  the  report  as  a

18  "retaliatory action[]" in violation of Plaintiff's his First Amendment

19  rights. (Id. at 6). Specifically Plaintiff contends that he "possessed

20  the First Amendment Right [sic] to assist [his fellow inmate] as a

21  witness . . . ."   (Id.).   Plaintiff further contends that "Defendant

22  Schultz' [sic] retaliatory actions [issuing a disciplinary report]

23  chilled the Plaintiff's Right to serve as a witness to any fellow

24  inmate's legal remedies in fear of further disciplinary actions." (Id.)

25  (brackets in original).   Third, Plaintiff alleges that "Defendant Byrd

26  intentionally discriminated [sic] and sanctioned Plaintiff" in violation

27  of his equal right to protection.  (Id. at 7).  Specifically, according

28  to Plaintiff, Defendant Byrd, expunged the incident reports of the other

1 two inmates who were charged for the same offense while finding

2 Plaintiff guilty.  Fourth, Plaintiff alleges that he "was not provided

3 Due Process before being sanctioned."  (Id. at 8).  According to

4 Plaintiff, "in the midst of [his disciplinary] hearing, Defendant Byrd

5 changed the charged offense, Code 305 to Code 399 'without' [sic]

6 providing Plaintiff with "advance written notice of [sic] new charge;

7 (ii) an opportunity to call witnesses and present evidence to [sic] the

8 new charged; (iii) a written statement as to the evidence it [sic]

9 relied upon and the reasons for  [sic] disciplinary actions; and (iv)

10 not [sic] provided evidence of guilt to the new charge."  (Id.).

11 Plaintiff further contends that Defendant Byrd "severely sanctioned

12 Plaintiff [even though] (I) Plaintiff was not provided 'prior notice' or

13 'fair warning' of any posted Rule, Policy, or Regulation prohibiting the

14 alleged conduct."  (Id.)  (adding that "Plaintiff was not provided a

15 written statement of the evidence relied upon, and the reasons for the

16 disciplinary actions taken").

17

18                                   **IV.**

19                             **DISCUSSION**

20

21     Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss

22 Plaintiff's Complaint due to defects in pleading.  Pro se litigants in

23 civil rights cases, however, must be given leave to amend their

24 complaints unless it is absolutely clear that the deficiencies cannot be

25 cured by amendment.  See Lopez, 203 F.3d at 1128-29.  Accordingly, the

26 Court grants Plaintiff leave to amend, as indicated below.

27

28 \\

1    **A.     Plaintiff Fails To State A Claim For Denial Of Access To The Courts**

2

3        Plaintiff alleges that he was denied access to the courts when

4    "Defendant Schultz . . . interferred [sic] with the Plaintiff's First

5    Amendment Right [sic] to 'assist' [a fellow inmate] in his

6    administrative filings [by acting] as a 'witness.'" (FAC at 5).

7    Specifically, Petitioner contends that Defendant Schultz denied him

8    access to the courts by filing "a written . . . disciplinary report

9    against the Plaintiff for assisting [a fellow] inmate as a 'witness' in

10   pursuit [of] . . . [that inmate's] administrative remedies."  (Id.).

11

12       Prisoners have a constitutional right to meaningful access to the

13   courts.  Silva v. DiVittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).

14   However, "[t]o establish a violation of the right of access to the

15   courts, a prisoner must establish that he or she has suffered an actual

16   injury."  Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018

17   (9th Cir. 2011).  Actual injury is "'actual prejudice with respect to

18   contemplated or existing litigation, such as the inability to meet a

19   filing deadline or to present a claim.'" (Id.) (quoting Lewis v. Casey,

20   518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)).

21

22       Here, Plaintiff's access to the courts claim is based on the

23   alleged denial of his ability to act as a witness in another inmate's

24   disciplinary proceeding.  Plaintiff has failed to allege that he

25   suffered actual injury resulting from this conduct.  Nor can Plaintiff

26   plausibly allege actual injury; nowhere does Plaintiff contend that he

27   was unable to meet a deadline or present a claim.  Further, the FAC

28   would fail state a claim even if the Court were to construe it as

6

1    asserting the rights of the inmate on whose behalf Plaintiff sought to

2    testify.   Indeed, as an initial matter, Plaintiff does not identify a

3    claim that the inmate was unable to make or a deadline that the inmate

4    was unable to meet due to Defendants' alleged conduct.  Accordingly, the

5    FAC must be dismissed, with leave to amend.

6

7    **B.    <u>Plaintiff Fails To State An Equal Protection Claim</u>**

8

9         Plaintiff alleges that "Defendant Byrd intentionally discriminated

10   [sic] and sanctioned Plaintiff" in violation of his equal right to

11   protection.  (FAC at 6-7).  Specifically, Plaintiff contends that his

12   equal protection rights were violated because Defendant Byrd expunged

13   other inmates' disciplinary reports but did not expunge his disciplinary

14   report.  (<u>Id.</u> at 7).

15

16        "The purpose of the equal protection clause of the Fourteenth

17   Amendment is to secure every person within the State's jurisdiction

18   against intentional and arbitrary discrimination, whether occasioned by

19   express terms of a statute or by its improper execution through duly

20   constituted agents."  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562,

21   564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam) (citations

22   and quotation marks omitted).  To prevail on an equal protection claim

23   brought under § 1983, Plaintiffs must allege facts plausibly showing

24   that "'the defendants acted with an intent or purpose to discriminate

25   against [them] based upon membership in a protected class.'"  <u>Hartman v.</u>

26   <u>California Dept. of Corrections and Rehabilitation</u>, 707 F.3d 1114, 1123

27   (9th Cir. 2013) (citing <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158,

28   1166 (9th Cir.2005) (quoting <u>Lee v. City of Los Angeles</u>, 250 F.3d 668,

1   686 (9th Cir.2001)).  This does not mean, however, that all prisoners
2   must receive identical treatment and resources.  (Id.).  To prevail on
3   an equal protection claim, a plaintiff typically must allege facts
4   plausibly showing that the defendant acted with an intent or purpose to
5   discriminate based upon the plaintiff's membership in a protected class.
6   (Id.).   However, courts have recognized successful equal protection
7   claims brought by a "class of one" where the plaintiff alleges that he
8   or she has been intentionally treated differently from others similarly
9   situated and that there is no rational basis for the difference in
10  treatment.  Willowbrook, 528 U.S. at 564.

11

12      Here, Plaintiff does not allege discrimination based on his
13  membership in any protected status.  Plaintiff claims that Defendant
14  Byrd violated his right to equal protection when she expunged the other
15  inmates' disciplinary reports but not Plaintiff's disciplinary report.
16  (FAC at 7).   Plaintiff complains that he was treated differently from
17  other inmates, but, as discussed above, the government is not obligated
18  to treat all inmates identically.  Moreover, the Complaint does not
19  allege that Defendants acted with the intent to discriminate against
20  Plaintiff.  Accordingly, the Complaint must be dismissed with leave to
21  amend.   Further, as the Court previously dismissed Plaintiff's equal
22  protection claim, and Plaintiff was unable to correct the deficiencies
23  when he filed his First Amended Complaint, the Court admonishes
24  Plaintiff to avoid repleading an equal protection claim in any amended
25  complaint unless he can correct the deficiencies.  Further, the Court
26  warns Plaintiff that if he repleads a defective equal protection claim,
27  the Court will recommend that such claim be dismissed without leave to
28  amend.

**V.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint.  In any amended complaint, the Plaintiff shall cure the defects described above.  The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law or include legal argument.  Plaintiff is

9

1  also advised to omit any claims for which he lacks a sufficient factual

2  basis.  Furthermore, the Second Amended Complaint may not include new

3  Defendants or claims not reasonably related to the allegations in the

4  Complaint.

5

6  **Plaintiff is explicitly cautioned that failure to timely file a**

7  Second **Amended Complaint, or failure to correct the deficiencies**

8  **described above, will result in a recommendation that this action be**

9  **dismissed with prejudice for failure to prosecute and obey Court orders**

10  **pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is further**

11  **advised that if he no longer wishes to pursue this action, he may**

12  **voluntarily dismiss it by filing a Notice of Dismissal in accordance**

13  **with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of**

14  **Dismissal is attached for Plaintiff's convenience.**

15

16  DATED: June 25, 2013

17

18  _____/S/_____
    SUZANNE H. SEGAL
19  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

10