**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOBIAS A. FRANK,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DERRICK SCHULTZ, et al.,<br><br>　　　　　Defendants | NO. EDCV 12-01848 JAK (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On February 11, 2013, Plaintiff Tobias A. Frank, a federal prisoner proceeding pro se, filed a complaint alleging violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (Dkt. No. 12). On April 29, 2013, the Court issued an order dismissing the complaint with leave to amend. (Dkt. No. 34). The Court advised Plaintiff that in order to further pursue this action, Plaintiff was required to file a First Amended Complaint correcting certain

defects in the original complaint. (Id. at 9-11). On May 20, 2013, Plaintiff filed a First Amended Complaint ("FAC") correcting some of the earlier deficiencies. (See Dkt. No. 37). However, while some deficiencies were corrected, the FAC remains defective in part and must be dismissed. Accordingly, for the reasons stated below, the FAC is dismissed with leave to amend.[1]

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(b). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

## ALLEGATIONS OF THE COMPLAINT

The FAC names as defendants two employees of the Federal Bureau of Prisons ("BOP"): (1) Derrick Schultz, a correctional counselor at Victorville Med. II; and (2) Rosie Byrd, a disciplinary hearing officer at Victorville Med. II. (FAC at 1).

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 795 (9th Cir. 1991).

While Plaintiff's specific claims are not entirely clear, the gravamen of the Complaint argues that Defendants violated Plaintiff's constitutional rights by unlawfully imposing administrative sanctions on him for serving as a witness to the signing of another prisoner's legal documents. Plaintiff contends that on or about May 24, 2012, Defendant Schultz, in reviewing the institutional mail, observed that Plaintiff had signed another inmate's legal documents as a witness. (Id. at 3, 6). Although Plaintiff asserts that no one ever told him that such conduct was prohibited, Defendant Schultz filed an incident report in which he stated that by signing the other inmate's documents, Plaintiff had been in possession of unauthorized material in violation of a broad prohibition on the possession by an inmate of "anything unauthorized." (See id. at 5, 8). The incident report was referred to Defendant Byrd on or about May 31, 2012. (Id. at 7).

A disciplinary hearing was held on July 6, 2012 in which Defendants Byrd found Plaintiff guilty of violating the prohibition on unauthorized material. (Id. at 7). According to Plaintiff, his conviction was based on Defendant Byrd's belief that "Plaintiff's signature . . . on the documents means that Plaintiff possessed the documents at some point in time." (Id.). Plaintiff contends that he was not provided with a written statement of the specific evidence relied on and the reasons for the disciplinary actions taken. (Id. at 7-8). Plaintiff does not specifically identify the punishment he received as a result of this conviction; however, at various points in the FAC, Plaintiff states that he was "intentionally discriminated [sic], single out [sic], and sanctioned." (See, e.g., id. at 6, 7). Plaintiff also contends that "Defendant Schultz' retaliatory actions [issuing a disciplinary report]

3

chilled the Plaintiff's Right [sic] to serve as a witness to any fellow inmate's legal remedies in fear of further disciplinary actions." (<u>Id.</u> at 6). Plaintiff further alleges that Defendant Byrd expunged the disciplinary reports of two other inmates who acted as witnesses but, "without explanation," did not expunge Plaintiff's report. (<u>Id.</u> at 7).

### III.
### PLAINTIFF'S CLAIMS

Plaintiff alleges four claims. First, Plaintiff alleges that Defendant Schultz denied Plaintiff access to the courts. (<u>Id.</u> at 5). Specifically, Plaintiff contends that "Defendant Schultz . . . interferred [sic] with the Plaintiff's First Amendment Right [sic] to 'assist' [another inmate] in his administrative filings as a 'witness' and [filed] a written disciplinary report against the Plaintiff for assisting [that inmate] . . . ." (<u>Id.</u>). Second, and relatedly, Plaintiff alleges that Defendant Schultz filed the report as a "retaliatory action[]" in violation of Plaintiff's his First Amendment rights. (<u>Id.</u> at 6). Specifically Plaintiff contends that he "possessed the First Amendment Right [sic] to assist [his fellow inmate] as a witness . . . ." (<u>Id.</u>). Plaintiff further contends that "Defendant Schultz' [sic] retaliatory actions [issuing a disciplinary report] chilled the Plaintiff's Right to serve as a witness to any fellow inmate's legal remedies in fear of further disciplinary actions." (<u>Id.</u>) (brackets in original). Third, Plaintiff alleges that "Defendant Byrd intentionally discriminated [sic] and sanctioned Plaintiff" in violation of his equal right to protection. (<u>Id.</u> at 7). Specifically, according to Plaintiff, Defendant Byrd, expunged the incident reports of the other

4

two inmates who were charged for the same offense while finding Plaintiff guilty. Fourth, Plaintiff alleges that he "was not provided Due Process before being sanctioned." (Id. at 8). According to Plaintiff, "in the midst of [his disciplinary] hearing, Defendant Byrd changed the charged offense, Code 305 to Code 399 'without' [sic] providing Plaintiff with "advance written notice of [sic] new charge; (ii) an opportunity to call witnesses and present evidence to [sic] the new charged; (iii) a written statement as to the evidence it [sic] relied upon and the reasons for [sic] disciplinary actions; and (iv) not [sic] provided evidence of guilt to the new charge." (Id.). Plaintiff further contends that Defendant Byrd "severely sanctioned Plaintiff [even though] (I) Plaintiff was not provided 'prior notice' or 'fair warning' of any posted Rule, Policy, or Regulation prohibiting the alleged conduct." (Id.) (adding that "Plaintiff was not provided a written statement of the evidence relied upon, and the reasons for the disciplinary actions taken").

## IV.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

\\

A.  **Plaintiff Fails To State A Claim For Denial Of Access To The Courts**

Plaintiff alleges that he was denied access to the courts when "Defendant Schultz . . . interferred [sic] with the Plaintiff's First Amendment Right [sic] to 'assist' [a fellow inmate] in his administrative filings [by acting] as a 'witness.'" (FAC at 5). Specifically, Petitioner contends that Defendant Schultz denied him access to the courts by filing "a written . . . disciplinary report against the Plaintiff for assisting [a fellow] inmate as a 'witness' in pursuit [of] . . . [that inmate's] administrative remedies." (Id.).

Prisoners have a constitutional right to meaningful access to the courts. Silva v. DiVittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, "[t]o establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Actual injury is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" (Id.) (quoting Lewis v. Casey, 518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)).

Here, Plaintiff's access to the courts claim is based on the alleged denial of his ability to act as a witness in another inmate's disciplinary proceeding. Plaintiff has failed to allege that he suffered actual injury resulting from this conduct. Nor can Plaintiff plausibly allege actual injury; nowhere does Plaintiff contend that <u>he</u> was unable to meet a deadline or present a claim. Further, the FAC would fail state a claim even if the Court were to construe it as

6

asserting the rights of the inmate on whose behalf Plaintiff sought to testify.  Indeed, as an initial matter, Plaintiff does not identify a claim that the inmate was unable to make or a deadline that the inmate was unable to meet due to Defendants' alleged conduct.  Accordingly, the FAC must be dismissed, with leave to amend.

**B.     Plaintiff Fails To State An Equal Protection Claim**

Plaintiff alleges that "Defendant Byrd intentionally discriminated [sic] and sanctioned Plaintiff" in violation of his equal right to protection.  (FAC at 6-7).  Specifically, Plaintiff contends that his equal protection rights were violated because Defendant Byrd expunged other inmates' disciplinary reports but did not expunge his disciplinary report.  (Id. at 7).

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."  Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam) (citations and quotation marks omitted).  To prevail on an equal protection claim brought under § 1983, Plaintiffs must allege facts plausibly showing that "'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class.'"  Hartman v. California Dept. of Corrections and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir.2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668,

7

1  686 (9th Cir.2001)). This does not mean, however, that all prisoners
2  must receive identical treatment and resources. (Id.). To prevail on
3  an equal protection claim, a plaintiff typically must allege facts
4  plausibly showing that the defendant acted with an intent or purpose to
5  discriminate based upon the plaintiff's membership in a protected class.
6  (Id.). However, courts have recognized successful equal protection
7  claims brought by a "class of one" where the plaintiff alleges that he
8  or she has been intentionally treated differently from others similarly
9  situated and that there is no rational basis for the difference in
10 treatment. Willowbrook, 528 U.S. at 564.

12     Here, Plaintiff does not allege discrimination based on his
13 membership in any protected status. Plaintiff claims that Defendant
14 Byrd violated his right to equal protection when she expunged the other
15 inmates' disciplinary reports but not Plaintiff's disciplinary report.
16 (FAC at 7). Plaintiff complains that he was treated differently from
17 other inmates, but, as discussed above, the government is not obligated
18 to treat all inmates identically. Moreover, the Complaint does not
19 allege that Defendants acted with the intent to discriminate against
20 Plaintiff. Accordingly, the Complaint must be dismissed with leave to
21 amend. Further, as the Court previously dismissed Plaintiff's equal
22 protection claim, and Plaintiff was unable to correct the deficiencies
23 when he filed his First Amended Complaint, the Court admonishes
24 Plaintiff to avoid repleading an equal protection claim in any amended
25 complaint unless he can correct the deficiencies. Further, the Court
26 warns Plaintiff that if he repleads a defective equal protection claim,
27 the Court will recommend that such claim be dismissed without leave to
28 amend.

**V.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. Plaintiff is

1  also advised to omit any claims for which he lacks a sufficient factual
2  basis.  Furthermore, the Second Amended Complaint may not include new
3  Defendants or claims not reasonably related to the allegations in the
4  Complaint.

6  **Plaintiff is explicitly cautioned that failure to timely file a**
7  Second **Amended Complaint, or failure to correct the deficiencies**
8  **described above, will result in a recommendation that this action be**
9  **dismissed with prejudice for failure to prosecute and obey Court orders**
10 **pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further**</u>
11 <u>**advised that if he no longer wishes to pursue this action, he may**</u>
12 <u>**voluntarily dismiss it by filing a Notice of Dismissal in accordance**</u>
13 <u>**with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of**</u>
14 <u>**Dismissal is attached for Plaintiff's convenience.**</u>

16 DATED: June 25, 2013

18                                          /S/
                                        SUZANNE H. SEGAL
19                                      UNITED STATES MAGISTRATE JUDGE